450 F.2d 9
 Jerome Ronald LOWE and Enoch Dickinson, Petitioners-Appellants,
v.
WARDEN AND COMMISSIONER OF HOLMAN PRISON UNIT, ETC.,
Respondents-Appellees.
Jerome Ronald LOWE, Petitioner-Appellant,
v.
WARDEN AND COMMISSIONER OF HOLMAN PRISON UNIT, Respondent-Appellee.
 No. 71-2423 Summary Calendar.*
 United States Court of Appeals,
Fifth Circuit.
 Oct. 21, 1971.
 
 Jerome R. Lowe,pro se.
 Enoch Dickinson, pro se.
 William J. Baxley, Atty. Gen. of Ala., Joseph G. L. Marston, III, Asst. Atty. Gen., Montgomery, Ala., for respondents-appellees.
 Before THORNBERRY, MORGAN and CLARK, Circuit Judges.
 PER CURIAM:
 
 
 1
 The appellants in these consolidated causes, Enoch Dickinson, Jr. and Jerome Ronald Lowe, are inmates of the Holman Prison Unit of the prison system of the State of Alabama. They initiated two proceedings in the court below predicated upon the Civil Rights Act, 42 U.S.C.A. Sec. 1981 et seq.
 
 
 2
 In the first filed action, docketed as C.A. 6552-71, both Lowe and Dickinson were applicants for relief. As ultimately amended, the action asserted racial discrimination in the administration of Alabama's prison system, the misuse and abuse of criminal procedures in the reinforcement of that discrimination, lack of due process in the parole system, and interference with prisoner rights to have legal assistance from other inmates. The relief sought was to restrain the Circuit Court of Escambia County, Alabama from racist practices, the dismissal of Lowe's five-year sentence in that court for assault with intent to murder a prison guard, and injunctive relief against interference by prison officials with prisoner legal assistance.
 
 
 3
 The second action was docketed as C.A. 6683-71. The originating document was styled Petition for Removal. It was joined to a pleading entitled "Emergency Petition for a Temporary Restraining Order, and in the alternative, Complaint for Citation of Contempt" and another entitled "Petition for a Declaratory Judgment and Damages in Equity". The petition for removal sought to remove state criminal processes against Lowe and one Ervin Edwards on the grounds that the basic reason for the prosecution was to intimidate Lowe and Edwards in the exercise of their civil rights. The petition for restraining order sought a federal mandate to release Lowe from a type of confinement called punitive segregation and to order medical treatment. Additionally he sought damages of fifty dollars per day and to adjudge the prison administration to be in contempt of a prior injunctive order relating to minimum standards of prisoner treatment. The declaratory judgment and damage claim alleged that Lowe and Edwards were brutalized by prison officials without cause and claimed punitive and exemplary damages in the amount of 700,000 dollars and actual damages of 300,000 dollars. A prayer for injunctive relief was also included to restrain the officials of the Holman Prison Unit from controlling freedom of expression by prisoners and to proscribe their discriminatory enforcement of penal statutes.
 
 
 4
 The District Court permitted these causes to proceed in forma pauperis. On May 28, 1971, prior to any responsive pleading or any hearing, the court entered an order styled in C.A. 6683-71 which refused to remove the State Court proceedings for lack of jurisdiction, denied the temporary restraining order for lack of any showing that irreparable harm would ensue, and noted that the request for contempt citation would be carried with the case.
 
 
 5
 Lowe thereupon filed a pleading bearing the numbers of both consolidated actions, entitled "Motion", demanding a jury trial, invoking the remedial provisos of 42 U.S.C.A. Sec. 1988, seeking to enjoin the use of the strap as a means of punishment and containing the following paragraph:
 
 
 6
 Petitioners prays that this Honorable Court appoint an attorney to represent them in these cases, and to inform said attorney that petitioners seeks to appeal the order denying a temporary restraining order and removal of the criminal prosecution. That petitioners seek to commence an immediate appeal of that portion of the courts order entered on May 28, 1971.
 
 
 7
 We find no error in that part of the District Court's order in C.A. 6683-71 which denied Lowe's petition for removal of his state criminal case.[1] City of Greenwood v. Peacock, 384 U.S. 808, 86 S.Ct. 1800, 16 L.Ed.2d 944 (1966) states in pertinent part:
 
 
 8
 It is not enough to support removal under Sec. 1443(1) to allege or show that the defendant's federal equal civil rights have been illegally and corruptly denied by state administrative officials in advance of trial, that the charges against the defendant are false, or that the defendant is unable to obtain a fair trial in a particular state court. The motives of the officers bringing the charges may be corrupt, but that does not show that the state trial court will find the defendant guilty if he is innocent, or that in any other manner the defendant will be "denied or cannot enforce in the courts" of the State any right under a federal law providing for equal civil rights. The civil rights removal statute does not require and does not permit the judges of the federal courts to put their brethren of the state judiciary on trial. Under Sec. 1443(1), the vindication of the defendant's federal rights is left to the state courts except in the rare situations where it can be clearly predicted by reason of the operation of a pervasive and explicit state or federal law that those rights will inevitably be denied by the very act of bringing the defendant to trial in the state court. State of Georgia v. Rachel, supra [384 U.S. 780, 86 S.Ct. 1783, 16 L.Ed.2d 925]; Strauder v. State of West Virginia, 100 U.S. 303, 25 L.Ed. 664. (384 U.S. at 827, 86 S.Ct. at 1812.)
 
 
 9
 That portion of the lower court's ruling in C.A. 6683-71 denying Lowe's application for a temporary restraining order is not subject to review. Wright, Federal Courts, Sec. 102 at 459 (2d ed. 1970). The District Court has entered no order on the merits of any issue raised in the first filed action, C.A. 6552-71, or on any other issue in the second proceeding, C.A. 6683-71. Obviously, there is nothing before us now which is subject to review as to these matters. Cf. 28 U.S.C.A. Secs. 1291, 1292 (1966).
 
 
 10
 The order appealed from is affirmed as to the only appealable portion thereof and the cause is remanded for further trial court proceedings.[2]
 
 
 11
 Affirmed and remanded.
 
 
 
 *
 Rule 18, 5th Cir.; see Isbell Enterprises, Inc. v. Citizens Casualty Co. of N. Y. et al., 431 F.2d 409, Part I (5th Cir. 1970)
 
 
 [1]
 We treat this order as appealable under 28 U.S.C.A. Sec. 1447(d) (1971 Cum.Supp.)
 
 
 [2]
 Since this cause must be the subject of further proceedings below, we deem it in the interests of justice to add the following comment as to a matter presently disclosed by the record before us which will, in all probability, be presented in the course of proceedings on remand. The record contains an unsigned typewritten memorandum purportedly from a correctional captain of Holman Prison Unit to its warden. It refers to and generally denies Appellant Lowe's allegations, but this memorandum is not signed, not authenticated in any way, and does not purport to be a legal pleading. The minute entry shows that this unsigned memorandum was filed and docketed as the warden's "Answer" on June 17, 1971. Even construed so as to do substantial justice, we do not believe this document should be allowed to serve the office of a responsive pleading by the State's officials. See Fed. R.Civ.P. 8, 10(a), 11, 12